Mark P. Breyer (Bar No. 016862)
Mark T. Ichiyama (Bar No. 026703)
BREYER LAW OFFICES, P.C.
3840 East Ray Road
Phoenix, Arizona 85044
(480) 471-6198
minutes@breyerlaw.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Norman Taylor, an unmarried adult individual,<br><br>            Plaintiff,<br><br>vs.<br><br>Lawrence B. Jackson, and Jane Doe Jackson, husband and wife, , Mayflower Transit LLC; John Does 1-5, Jane Does 1-5, ABC Corporations 1-5,<br><br>            Defendants. | No. 3:20-cv-08230-DLR<br><br>**First Amended Complaint**<br><br>**(Tort - motor vehicle)**<br><br>Assigned to the Hon. Douglas Rayes |

The Plaintiff, Norman Taylor, by and through undersigned counsel, for his complaint against the Defendants named herein alleges as follows:

1.      Norman Taylor was, at all times relevant to this action, a resident of McIntosh County, OK. At the time of the incident described herein, the Plaintiff is single and continues to be single at this time.

2.      Upon information and belief, Defendants Lawrence Jackson and Jane Doe Jackson are residents of Middlesex County, NJ.

1

3. The Defendant Mayflower Transit, LLC. is a Missouri corporation doing business in St. Louis County, MO.

4. At all times relevant hereto, the Defendant Lawrence Jackson was acting individually and on behalf of the marital community, if any, of Defendant Lawrence Jackson and Jane Doe Jackson, whose true name is unknown to Norman Taylor.

5. John and Jane Does 1-5 and ABC Corporations 1-5 are persons or entities whose conduct, true names and identities are unknown at this time. Norman Taylor requests leave to amend this pleading when that information is discovered.

6. The acts and omissions complained of herein occurred in Navajo County, Arizona, within the jurisdiction of this Court.

7. Jurisdiction and venue are appropriate in this Court. This Court has original jurisdiction over this action pursuant to U.S.C. § 1332 as the-amount in controversy exceeds $75,000.00 and there is complete diversity of citizenship pursuant to U.S.C. § 1332(a).

8. Defendant Lawrence Jackson was acting within the course and scope of his employment or under the direction and control of Defendant Mayflower Transit, LLC such that legal liability is imputed to Defendant Mayflower Transit, LLC under the doctrine of Respondeat Superior and agency principles for the acts of Defendant Lawrence Jackson.

9. Defendant Mayflower Transit, LLC was independently negligent in the hiring, training, retention, and/or supervision of Defendant Lawrence Jackson which was a proximate cause of incident.

10. On June 5, 2019, Plaintiff Norman Taylor, was at the truck stop located at 3747 Express Dr. when Defendant Lawrence Jackson backed his truck into Mr. Taylor, knocking him to the ground and causing injury. Defendant Lawrence neglected to

1  operate his vehicle with care to avoid colliding with Mr. Taylor and is liable for the
2  subsequent injuries sustained by Plaintiff.
3      11.   The Defendant, Lawrence Jackson, drove negligently and was the sole
4  cause of the collision with Norman Taylor.
5      12.   As an actual, direct and proximate result of the Defendants' negligence,
6  Norman Taylor suffered to date and will, to a reasonable probability, continue to suffer
7  in the future, damages for pain, discomfort, suffering, disability, emotional stress and
8  anxiety.
9      13.   As an actual, direct and proximate result of the Defendants' negligence,
10 Norman Taylor, suffered to date and will, to a reasonable probability, continue to suffer
11 in the future, damages for permanent scarring and disfigurement.
12     14.   As an actual, direct and proximate result of the Defendants' negligence,
13 Norman Taylor has incurred reasonable expenses of necessary medical care, treatment
14 and services rendered and such expenses are reasonably probable to be incurred in the
15 future.
16     15.   As an actual, direct and proximate result of the Defendants' negligence,
17 Norman Taylor has lost earnings to date and will experience a decrease in earning power
18 or capacity reasonably probable to occur in the future as well as other special/economic
19 damages, past and future.
20     16.   As an actual, direct and proximate result of the Defendant(s)' negligence,
21 Norman Taylor has sustained and will sustain to a reasonable probability in the future,
22 physical, emotional, personal property and other financial losses.
23     17.   Defendant Lawrence Jackson's conduct of backing the truck into Mr.
24 Taylor and knocking him onto the ground showed a conscious disregard for the health,
25 welfare and safety of others was a direct and proximate cause of the incident that resulted
26 in severe injuries to Norman Taylor.

1   18. Defendants' conduct constitutes extreme and outrageous conduct that displays a conscious disregard for the safety of others such that a jury may award punitive damages against Defendants.

19. Plaintiff claims that the damages in this matter meet the criteria for Tier __3__ as specified in Rule 26.2(c)(3), Arizona Rules of Civil Procedure.

**WHEREFORE**, Norman Taylor prays for judgment against the Defendants, and each of them, as follows:

    A. For general compensatory damages in a just and reasonable amount;

    B. For the reasonable value of special damages incurred to date and those that will be incurred in the future for reasonable and necessary medical care;

    C. For the reasonable value of special damages incurred to date and those that will be incurred in the future for lost earnings or wages and future lost earnings or wages;

    D. For out of pocket expenses incurred;

    E. For punitive damages in an amount to be proven at trial;

    F. For court costs incurred; and

    G. For such other and further relief as the Court deems just and proper.

Dated: November 17, 2020

**BREYER LAW OFFICES, P.C.**

_/s/ Mark P. Breyer_
Mark P. Breyer
Brian C. Fawber
3840 East Ray Road
Phoenix, Arizona 85044
Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on November 17, 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of Notice of Electronic Filing to the following CM/ECF registrants:

Mark D. Zukowski, Esq.
David L. Stout
JONES, SKELTON & HOCHULI, P.L.C.
40 N. Central Ave., Ste. 2700
Phoenix, AZ 85004
Attorney for: Lawrence Jackson

    /s/ Delba G. Ortiz
208267